USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____4/11/2022____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G & G CLOSED CIRCUIT EVENTS LLC,

       Plaintiffs,

       -against-

ASHLEIGH BERTOLINI, et al.,

       Defendants.

21-CV-7351 (VSB) (BCM)

**ORDER REGARDING GENERAL
PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery, but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

### Discovery Issues

By letter dated April 5, 2022 (Dkt. No. 27), plaintiff complains that defendants' written discovery responses are inadequate. The Court will conduct a discovery conference on **May 3, 2022, at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. Before that, the parties must take the following steps:

a.    The parties shall promptly **meet and confer in good faith and in real time** (*e.g.*, in person, by telephone, or by videoconference; an exchange of letters or emails will not suffice) for a **minimum** of one-half hour in an effort to resolve or narrow their dispute.

b.      If the parties are able to resolve their dispute, they shall so advise the Court in a joint letter, no later than **April 22, 2022**, in which they shall also propose a revised discovery schedule going forward.

c.      If the parties are unable to fully resolve their dispute, plaintiff shall file a letter-motion, no later than **April 22, 2022**, confirming that the parties met and conferred as required, succinctly describing the basis of the remaining dispute(s) and the relief sought, and attaching the ***relevant*** portions of the discovery demands or responses in issue, all in accordance with § 2(b) of Judge Moses's Individual Practices. Defendants shall respond to plaintiff's letter-motion no later than **April 27, 2022**. Plaintiff's optional reply shall be filed no later than **April 29, 2022**. Courtesy copies, if required pursuant to § 1(d) of Judge Moses's Individual Practices, must be delivered to chambers promptly after the electronic filing.

### General Pretrial Management

Going forward, parties and counsel are cautioned:

1.      Once a discovery schedule is set (or modified), all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2.      Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3.      For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4.      Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5.      In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments. Courtesy copies of letters and letter-motions filed via ECF are required only if the filing contains voluminous attachments. Courtesy copies should be delivered promptly, should bear the ECF header generated at the time of electronic filing, and should include tabs for the attachments.

6.      If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Tamika Kay at (212) 805-0228 immediately.

**PLEASE BE AWARE THAT, FOR THE DURATION OF THE COVID-19 NATIONAL EMERGENCY, UNLESS OTHERWISE ORDERED BY THE COURT:**

<u>Conferences and Hearings</u>. **Court conferences and hearings may be conducted by teleconference, videoconference, or in person. Teleconferences are held on the Court's AT&T line. If a teleconference is scheduled, the parties are directed to call (888) 557-8511 and enter the access code 7746387 a few minutes before the scheduled time. Videoconferences are held using the Court's videoconferencing technology (Microsoft Teams) or (with the prior approval of the Court) such alternative videoconferencing technology as the parties agree upon and arrange. If the Court's technology is used, the Court will provide the link and further instructions in an email to counsel closer to the date of the conference. Please treat teleconferences and videoconferences as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. In person conferences are held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.**

<u>Remote Depositions</u>. **Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.**

Dated: New York, New York
April 11, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**