**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**G & G Closed Circuit Events LLC,**

       Plaintiff,

   vs.

**Ashleigh Bertolini, individually, and**
**GLO 718 Corp. d/b/a PARQ,**

       Defendants.

         **Index No. 21-cv-07351**

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

THE FRIED FIRM PLLC
231 Front Street, Suite 216
Brooklyn, New York 11201

RICKNER PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

   Rob Rickner
   Shana Fried
   Raphael Cola

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................................I

**TABLE OF AUTHORITIES** ........................................................................................ II

**PRELIMINARY STATEMENT** ................................................................................. 1

**THE FACTS ALLEGED** ............................................................................................. 1

**ARGUMENT** ................................................................................................................ 2

    I.    STANDARD OF REVIEW .............................................................................. 2

    II.   THE STATUTES PLAINTIFF RELIES ON DO NOT APPLY TO TRANSMISSIONS MADE EXCLUSIVELY OVER THE INTERNET, AND PLAINTIFF HAS NO EVIDENCE THE PROGRAM WAS TRANSMITTED TO DEFENDANTS ANY OTHER WAY. ................................................................................................. 3

**CONCLUSION** ........................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................. 3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................. 2

*Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452 (E.D.N.Y. 2012) ....................... 4

*G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113 (9th Cir. 2022) .......................................... 5

*In re DoubleClick Inc. Priv. Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001) .................................. 5

*Int'l Cablevision, Inc. v. Noel*, 859 F.Supp. 69 (W.D.N.Y.1994) ................................................. 4

*Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123 (2d Cir. 1996) ........................................................ 4

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD)(BCM),

    2019 WL 8955234 (S.D.N.Y. Oct. 25, 2019), report and recommendation adopted sub nom.

    *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16-CV-1318

    (GBD)(BCM), 2020 WL 1467098 (S.D.N.Y. Mar. 26, 2020) ................................................. 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................................... 3

*Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005) ......... 3

*Savino v. City of New York*, 331 F.3d 63 (2d Cir. 2003) ............................................................... 3

*United States v. Napier*, 787 F.3d 333 (6th Cir. 2015) ................................................................. 4

**STATUTES**

47 U.S.C. § 153 ............................................................................................................................... 4

47 U.S.C. § 553 ............................................................................................................................ 1, 3

47 U.S.C. § 605 ...................................................................................................................... 1, 2, 3, 4

Fed. R. Civ. P. 56 ............................................................................................................................ 2

Defendants Ashleigh Bertolini and GLO 718 Corp. d/b/a PARQ hereby move for summary judgment dismissing all claims brought by Plaintiff under Federal Rule of Civil Procedure 56.

## PRELIMINARY STATEMENT

This case presents a novel issue, not yet decided by the United States Supreme Court or the Second Circuit Court of Appeals. Plaintiff has sued under two sections of the Communications Act, 47 U.S.C. § 605 and 47 U.S.C. § 553. § 605 governs radio, which has been interpreted to include satellite transmissions, and § 553 governs cable services. The Internet is not a cable service, it is a telecommunication and information service transmitted over wires. Defendants streamed the boxing match at issue over the Internet and there is no evidence in the record that the streaming service, DAZN, ever transmitted it over a satellite. So, Defendants submit, the two statutes to not apply and Plaintiff should not be able to recover statutory damages.

## THE FACTS ALLEGED

Emmanuel Colon managed the bar PARQ, a defendant in this lawsuit. R56.1 ¶1. On May 4, 2019, the Saul Alvarez v. Daniel Jacobs, WBA/WBC/IBF World Middleweight Championship boxing match (the "Program") was displayed in the bar PARQ via a Smart TV. R56.1 ¶2. The Smart TV has Internet capability that supports direct streaming of movies and other programs. R56.1 ¶3. The Smart TV was connected to PARQ's Internet router. R56.1 ¶4. The Program was shown on the Smart TV via the application DAZN, an application that allows user to watch boxing matches. DAZN was accessible from the Smart TV, and that is how the Program was shown in the bar. R56.1 ¶5. At no time did the Smart TV use a cable service or a satellite dish to stream the Program. R56.1 ¶6.

Plaintiff sued Defendants for violating 47 U.S.C. § 605, alleging that: "[O]n Saturday, May 4, 2019 in violation of G & G Closed Circuit Events LLC's rights and federal law, Defendants intercepted and/or received the satellite communication of the Program at PARQ. Defendant also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within PARQ." R56.1 ¶7. Plaintiff also sued Defendants for violating 47 U.S.C. § 533, alleging that: "[O]n Saturday, May 4, 2019 in violation of G & G Closed Circuit Events LLC's rights and federal law, Defendants willfully intercepted and/or received the original communication of the Program at PARQ via a cable system." R56.1 ¶8.

Plaintiff has a license with DAZN that grants it the exclusive rights to market and resell DAZN's boxing matches to commercial establishments, with DAZN retaining the rights to sell the boxing matches to individuals. R56.1 ¶9. Pursuant to the license, DAZN has the option of transmitting the boxing matches to Plaintiff either by satellite or fiber optic cable R56.1 ¶10.

Nothing in the Plaintiff's Federal Rule of Civil Procedure 26 initial disclosures or other discovery indicates that the Program was ever transmitted via satellite during the Program's journey from the arena to the Smart TV at PARQ. Plaintiff's Federal Rule of Civil Procedure 26 initial disclosures do not include a witness that has this information. Indeed, none of the documentation indicates whether DAZN even transmitted the Program to Defendants via satellite (or fiber optic cable) in the first place. R56.1 ¶11.

## ARGUMENT

### I.     STANDARD OF REVIEW

Summary judgment is appropriate when the evidence demonstrates that there are no genuine issues of material fact in dispute. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While courts must resolve all ambiguities and draw all factual inferences

2

in favor of the non-moving party in deciding whether a genuine issue of material fact exists, nevertheless, once a motion for summary judgment is made and supported, the non-moving party must come forward with specific facts showing there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Genuine issues of material fact exist when "the evidence is such that a reasonable [factfinder] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment should be granted "if the evidence presented by the nonmoving party is merely colorable, or is not significantly probative . . . or if it is based purely on conjecture or surmise." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (citations and internal quotes omitted).

## II.    THE STATUTES PLAINTIFF RELIES ON DO NOT APPLY TO TRANSMISSIONS MADE EXCLUSIVELY OVER THE INTERNET, AND PLAINTIFF HAS NO EVIDENCE THE PROGRAM WAS TRANSMITTED TO DEFENDANTS ANY OTHER WAY.

Plaintiff accuses Defendants of violating 47 U.S.C. § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts, and 47 U.S.C. § 553, which prohibits unauthorized interception of cable transmissions. But the boxing match shown in the bar was transmitted over the Internet, so neither of the statues apply.

§ 553 is easily dispensed with because it only applies to "transmissions via cable." *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996). Even if the Internet is obtained from a cable modem, it is not considered a "cable service." The Federal Communications Commission ruled that a cable modem is an information service and a telecommunications service, and the Supreme Court upheld this finding. *See Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 989 (2005). These services are entirely distinct from a cable

service. 47 U.S.C. § 153 (26) (defining information service) & § 153 (53) (defining telecommunications service); 47 U.S.C. § 522 (defining cable service). § 553, titled "Unauthorized reception of cable," plainly does not apply to internet communications, and cannot be form the basis of liability here.

§ 605 is more complicated. There are four sentences in section (a) of the statute, and they are typically analyzed separately. The first sentence applies to both wire and radio transmissions, and radio transmissions do include satellite transmission. But the first sentence is "intended to regulate the conduct of communications personnel—*i.e.*, those legitimately involved in transmitting or receiving radio or wire communications—rather than to address the problem of unauthorized interception or reception of communications." *Dish Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 468 (E.D.N.Y. 2012) (quoting *Int'l Cablevision, Inc. v. Noel*, 859 F.Supp. 69, 75 (W.D.N.Y.1994) (interpreting the legislative history of the Communications Act) (emphasis in original), vacated on other grounds in *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 131 (2d Cir. 1996) (noting that this is a plausible reading of the statute)). Defendants do not work for a telecommunications company, so this section does not apply.

"The second, third, and fourth sentences of § 605(a) refer only to 'radio' (not 'wire') communications." *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD)(BCM), 2019 WL 8955234, at *10 (S.D.N.Y. Oct. 25, 2019), report and recommendation adopted sub nom. *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16-CV-1318 (GBD)(BCM), 2020 WL 1467098 (S.D.N.Y. Mar. 26, 2020); *see also Int'l Cablevision*, 75 F.3d at 130 (distinguishing between radio and wire communications). The Internet, however, is not a "radio" system. *See United States v. Napier*, 787 F.3d 333, 346 (6th Cir. 2015) (finding that the Internet is an interstate system of wires); *In re DoubleClick Inc. Priv.*

4

*Litig.*, 154 F. Supp. 2d 497, 508 (S.D.N.Y. 2001) ("the 'service which provides to users thereof the ability to send or receive wire or electronic communications' is 'Internet access'").

Consequently, Plaintiff's case must be dismissed—because no part of either statute applies—unless the Plaintiff can prove that the boxing match at issue was transferred over a satellite (or radio) at least at some point before it appeared on the Smart TV in the bar. *See G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1117 (9th Cir. 2022) (upholding dismissal on summary judgment because Plaintiff had no evidence the boxing match was transmitted over cable or radio before it was streamed on the Internet).

Plaintiff cannot meet this burden. Plaintiff is a middleman, according to the contract between Plaintiff and DAZN attached to the Complaint, that has the right to re-sell the Program to commercial establishments. DAZN, the original source of the broadcast, has the option of providing the video of the boxing matches to Plaintiff either by satellite or by fiberoptic cable. Plaintiff has not provided any documents showing that the boxing match was even provided to them via satellite. And there is certainly nothing in the record about how the DAZN app, which is not owned or run by Plaintiff, transmitted the boxing match to the Smart TV in the bar. Without detailed proof that a satellite was part of the chain of transmission, Plaintiff cannot meet their burden of proof.

5

**CONCLUSION**

The Plaintiff's claims should be summarily dismissed because the statutes they rely on do not apply to Internet transmission.

Dated:      New York, New York
              December 2, 2022

Respectfully submitted,

/s/ *Shana Fried*
Shana Fried
The Fried Firm PLLC
231 Front Street, Suite 216
Brooklyn, New York 11201
shana@thefriedfirm.com
Fax: 718.228.7603
Tel:  718.422.0500

/s/ *Rob Rickner*
Rob Rickner
Rickner PLLC
14 Wall Street, Suite 1603
New York, New York 10005
rob@ricknerpllc.com
Fax: 888-390-5401
Tel:  212-300-6506