UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

G & G CLOSED CIRCUIT EVENTS, LLC,       Case No.: 21-cv-07351-DLC

                    Plaintiff,       DECLARATION OF PLAINTIFF'S
                                      COUNSEL IN SUPPORT OF
      - against -              OPPOSITION TO DEFENDANTS'
                                        MOTION FOR SUMMARY JUDGMENT

ASHLEIGH BERTOLINI, et al.,

                    Defendants.

-------------------------------------------------------------X

I, ROBERT B. HUNTER, declare as follows:

1.      I am counsel for G & G Closed Circuit Events, LLC in this case. I am duly licensed to practice law in the State of New York, and in this Court.

2.      I have personal knowledge of each and every fact stated herein and could competently testify thereto if called as a witness.

3.      I make this Declaration in Support of Plaintiff's Opposition to Defendants Ashleigh Bertolini, individually and d/b/a PARQ, and GLO 718 Corp., an unknown business entity d/b/a PARQ (hereinafter "Defendants") Motion for Summary Judgment.

4.      Attached hereto as Exhibit 1 is a true and correct copy of the Affidavit of James M. Emery, Jr. sworn to the 15th day of May, 2019 (hereinafter the 'Emery' Piracy Aff.').

4a.      Attached hereto as Exhibit 2 is the affidavit of the auditor Gary Joseph sworn to the 9th day of May 2019.  This affidavit concerns Mr. Joseph's visit to the Defendants' business establishment located at 4001 Tremont Avenue, Bronx NY 10456 on May 4, 2019.

5.      Attached hereto as Exhibits 3 and 4, respectively, are true and correct copies of Defendants' Response  to Plaintiff's First Requests for Admission dated February 9, 2022, and Defendants' Amended Response to Plaintiff's Request for Admissions dated April 22, 2022.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a New York State Corporate Records Search result for GLO 718 Corp., obtained from the New York Department of State website. Plaintiff requests that the Court take judicial notice of this information as it was obtained from an official New York government website and it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Volpe v. Am. Language Commc'n Ctr., Inc.,* 200 F. Supp. 3d 428, 431, n.1 (S.D.N.Y. 2016), *aff'd,* 692 F. App'x 51 (2d Cir. 2017) ("Courts routinely take judicial notice of documents retrieved from official government websites."); *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC,* 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) ("As to the seven documents retrieved from official government websites . . . it is clearly proper to take judicial notice. Courts routinely take judicial notice of such governmental records.")

7.      Attached hereto as Exhibit 6 is a true and correct copy of a New York State Liquor Authority Public License with respect to GLO 718 Corp. This Court may take judicial notice of this information for the reasons set forth in paragraph 6, *supra*.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a May 3, 2019 Facebook post from Parq Sports Bar and Grill. The Court may consider this information as a non-hearsay party admission. *See* Fed. R. Evid. 801(d)(2)(A).

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __21st__ day of December 2022 at Monticello, New York.

By: <u>S/ Robert B. Hunter</u>
Robert B Hunter

# EXHIBIT 1

STATE OF ____ New York _____

COUNTY OF _____ Bronx ___

### AFFIDAVIT

I hereby declare under penalty of perjury and in conformance with the provisions set forth in Title 28 U.S.C. § 1746 that

I, _____ James M Emery Jr _____, being duly sworn according to law deposes and says, that on May 4th_____
_____, 2019 at

                                                                                                           (date)
_____ 11:53 _____ p.m./a.m, I entered the _____ PARQ _____
        (time)                                                                  (trade name of establishment)

located at _____ 4001 East Tremont Avenue, Bronx NY 10465 _____
_____.
                                        (street address, city, state, zip code)

I paid a cover charge of $_____ 20.00 ____ to enter this establishment.   I ordered ___1____ Drink(s) from the

Bartender/ Barmaid/ Waitress who was described as light skinned female hispanic wearing a black dress and heels, hair
pulled back
_____

_____ 2 door men both African American, one tall and one was a little person, both wearing jeans and a dark t shirs. The 20
cover charge got you 2 free drinks excluding Hennessey and patron
_____
                                (name, sex, age, ethnicity, distinguishing characteristics)

I observed _____11_____ televisions located inside this establishment.  The televisions can be
                        (total # of TVs)

described as follows: _____ various sizes approx. 40" _____ located _____
_____
                                (make, model, and size of each TV)
Tv's were located on each wall of the establishment
_____.
                                (specific location of each TV)

At the time I was inside  all but 1 tv was showing a different fight, only 1 tv in the back had the DAZN fight. Canelo Alvarez
was warming up in the ring with green gloves, vigorously flexing his jaw._____
_____

_____

(names of fighters or commentators, trunk colors of each fighter/attire of commentators, time remaining in round)

I also observed the following distinguishing items inside the establishment: _____ aquarium like bubbling water features
located throughout the bar _____

(posters, decorations, pool tables, memorabilia, etc.)

This establishment rates _____good_____.
(Good, Fair, Poor)

Page 1 of 2

The capacity of this establishment is approximately _____150_____ people. At the time of my appearance I

counted the number of patrons three (3) separate times. The head counts were _____60_____,

_____60_____, _____63_____.

I left the above establishment at 11:56p.m./a.m on _____may 4ᵗʰ 2019_____.
                                    (time)                    (date)

I also observed the following license plates in the parking lot

1) ____NY REG HXH5969_____ 2) _____NY REG T774932C_____ 3)NY REG HSU 4865 _____
_____

4) ____NY REG GWB 9323_____ 5) _____ 6) _____

Date: _____May 15ᵗʰ .2019_____

Signature of Investigator

_____James M Emery Jr._____
Name of Investigator  (Printed)

_____Briecke Inc._____
Investigative Agency

_____845-726-4136_____
Telephone Number of Agency

**NOTARY**

State of: New York _____
County of: ORANGE _____

On before me, _Susan Jacks_, personally appeared _James Eddy_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

   I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

(SEAL)                                    Signature _____
                                              Page 2 of 2

SUSAN E JACKS
Notary Public – State of New York
NO. 01JA6204561
Qualified in Orange County
My Commission Expires Apr 20, 2021

# EXHIBIT 2

STATE OF **NEW YORK**

COUNTY OF **BRONX**

### AFFIDAVIT

I, the undersigned, being duly sworn according to law deposes and says, that on **MAY 4**, 2019 at
(date)

**9:00 PM**,     I entered the                     **PARQ**
(time)                                (trade name of establishment)

located at          **4001 E TREMONT AVE, THE BRONX, NY 10465**
(street address, city, state, zip code)

I paid a cover charge of $**ZERO** to enter this establishment.  I ordered **NOTHING** Drink(s) from the

**WAITRESS** who was described as **FEMALE, HISPANIC, 30-35 YEARS OLD, 5'5', 130 LBS, LONG DARK
HAIR IN A PONYTAIL, BLACK LONG SLEEVE SHIRT, BLACK PANTS.**
(name, sex, age, ethnicity, distinguishing characteristics)

I observed **EIGHT** televisions located inside this establishment.  The televisions can be
(total # of TVs)

described as follows: **46" & 65" SAMSUNG TV'S**
(make, model, and size of each TV)

located **BEHIND BAR & BACK ROOM AREA**
(specific location of each TV)

At the time I was inside the above establishment, I observed the following program on the above televisions:
**DAZN EVENT: LAMONT ROACH JR (BLACK/RED/GOLD TRUNKS) VS JONATHAN OQUENDO
(BLACK/WHITE TRUNKS), WITH 2:10 LEFT OF THE 2ND ROUND.**
(names of fighters or commentators, trunk colors of each fighter/attire of commentators, time remaining in round)

I also observed the following distinguishing items inside the establishment: **LARGE "L" SHAPED BAR LEFT OF
ENTRANCE, WHITE & RED BOOTHS W/"PARQ" LOGO RIGHT OF ENTRANCE, JUKE BOX ON BRICK
WALL, SILVER BOOTHS W/TABLES & CHAIRS IN BACK AREA, RAINBOW LED LIGHTING BEHIND
BAR, FRONT & BACK AREA VISIBLE THROUGH BAR, DJ BOOTH, "THE WORLD IS YOURS" SIGN
ABOVE DJ BOOTH, LED RAINBOW GLASS W/BUBBLES ON BACK WALL**
(posters, decorations, pool tables, memorabilia, etc.)

This establishment rates:     **GOOD**
(Good, Fair, Poor)

The capacity of this establishment is approximately **80** people. At the time of my appearance I

counted the number of patrons three (3) separate times.   The head counts were **20**,

**20**,  **20**.

Page 1 of 2

I left the above establishment at    **9:20 PM**     on     **5/4/19**.
                                            (time)                      (date)

I also observed the following license plates in the parking lot: **N/A**

1) _____ 2) _____ 3) _____

4) _____ 5) _____ 6) _____

Date: **5/9/2019**

_____
Signature of Investigator

<u>GARY JOSEPH</u>
Name of Investigator (Printed)

<u>OMNI PRESENT INVESTIGATIONS</u>
Investigative Agency

<u>516-369-1920</u>
Telephone Number of Agency

## NOTARY

State of: New York

County of: Nassau

On **May 9, 2019**, before me, **Elizabeth Mogilner**, Notary Public personally appeared **Gary Joseph**, [ X ] personally known to me ---or---[    ] proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

ELIZABETH MOGILNER
Notary Public, State of New York
Reg. No. 01MO6382795
Qualified in Nassau County
Commission Expires 11/05/2022

_____
Signature of Notary

# EXHIBIT 3

Robert B. Hunter
Law Offices of M.L. Zager, P.C.
461 Broadway, PO Box 948
Monticello NY 12701
rhunter@mzager.com
Fax: 845-794-3919
Tel: 845-794-3660

Attorneys for Plaintiff
G & G Closed Circuit Events LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G & G Closed Circuit Events LLC | Case No.: 1:21-cv-07351-VSB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS** |
| Ashleigh Bertolini, et al | |
| Defendants. | |

**PROPOUNDING PARTY:** G & G Closed Circuit Events LLC

**RESPONDING PARTY:** Ashleigh Bertolini individually and d/b/a PARQ and GLO 718 Corp. an unknown business Entity d/b/a PARQ

**SET NUMBER:** ONE

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff G & G Closed Circuit Events LLC requests that the Defendant makes the following admissions within thirty (30) days after service of their request for the purpose of the action only, and subject to all pertinent objections to admissibility which may be interposed at the trial.

## DEFINITIONS

1. The term "YOU" and "YOUR" refers to yourself personally, and if applicable, shall also include any and all officers, agents, attorneys, employees and/or representatives of yourself individually and the business you operate, known or doing business as GLO 718 Corp. an unknown business entity d/b/a PARQ located at 4001 E Tremont Avenue Bronx NY 10465.

2. The term "ESTABLISHMENT" refers to the business known as GLO 718 Corp. an unknown business entity d/b/a PARQ located at 4001 E Tremont Avenue Bronx NY 10465.

3. The term "EVENT" refers to the Saul Alvarez v Daniel Jacobs, WBA/WBC/IBF World Middleweight  Championship Fight Program, of Saturday, May 4, 2019 , as referenced in Plaintiff's Complaint.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION #1:**

YOU did not order the EVENT for the ESTABLISHMENT from G & G Closed Circuit Events LLC.

**REQUEST FOR ADMISSION #2:**

No one else ordered the EVENT for the ESTABLISHMENT from G & G Closed Circuit Events LLC, on your behalf.

**REQUEST FOR ADMISSION #3:**

YOU did not pay a licensing fee for the EVENT to G & G Closed Circuit Events LLC.

**REQUEST FOR ADMISSION #4:**

No one else paid a licensing fee for the EVENT for the ESTABLISHMENT to G & G Closed Circuit Events LLC, on your behalf.

**REQUEST FOR ADMISSION #5:**

YOU did not order the EVENT for the ESTABLISHMENT from any other authorized party acting on behalf of G & G Closed Circuit Events LLC.

**REQUEST FOR ADMISSION #6:**

No one else ordered the EVENT for the ESTABLISHMENT from any other authorized party acting on behalf of G & G Closed Circuit Events LLC, on your behalf.

**REQUEST FOR ADMISSION #7:**

YOU ordered the EVENT from DirecTv.

**REQUEST FOR ADMISSION #8:**

YOU ordered the EVENT from Dish Network.

**REQUEST FOR ADMISSION #9:**

YOU ordered the EVENT from YOUR local cable company.

**REQUEST FOR ADMISSION #10:**

In advance of the EVENT, YOU advertised that the EVENT would be telecast at the ESTABLISHMENT.

**REQUEST FOR ADMISSION #11:**

In advance of the EVENT, some other person, acting on your behalf, advertised that the EVENT would be telecast at the ESTABLISHMENT.

**REQUEST FOR ADMISSION #12:**

Acting on YOUR behalf, YOUR employees advertised that the EVENT would be telecast within the ESTABLISHMENT.

**REQUEST FOR ADMISSION #13:**

The EVENT was shown in the ESTABLISHMENT on Saturday, May 4, 2019 .

**REQUEST FOR ADMISSION #14:**

YOU were personally aware that a commercial sub-licensing fee had to be paid to G & G Closed Circuit Events LLC in order to lawfully telecast the EVENT in the ESTABLISHMENT.

**REQUEST FOR ADMISSION #15:**

YOU paid commercial sub-licensing fees to G & G Closed Circuit Events LLC, previously.

**REQUEST FOR ADMISSION #16:**

YOU paid commercial sub-licensing fees to other companies, previously.

**REQUEST FOR ADMISSION #17:**

Patrons of the ESTABLISHMENT watched the EVENT within the ESTABLISHMENT on Saturday, May 4, 2019 .

**REQUEST FOR ADMISSION #18:**

On Saturday, May 4, 2019 , the ESTABLISHMENT required its patrons to pay a cover charge (or some other type of entrance fee) to enter the ESTABLISHMENT's premises while the EVENT was broadcast.

**REQUEST FOR ADMISSION #19:**

Prior to Saturday, May 4, 2019 , the ESTABLISHMENT exhibited other pay-per-view broadcasts.

**REQUEST FOR ADMISSION #20:**

On Saturday, May 4, 2019 , the ESTABLISHMENT had a television programming account with DirecTv, Dish Network or YOUR local cable company.

**REQUEST FOR ADMISSION #21:**

The EVENT exhibited at the ESTABLISHMENT was obtained after YOU paid DirecTv, Dish Network or YOUR local cable company a residential rate sublicensing fee.

**REQUEST FOR ADMISSION #22:**

The EVENT was received in the ESTABLISHMENT because an illegal decoder box was used in the ESTABLISHMENT.

**REQUEST FOR ADMISSION #23:**

The EVENT was received in the ESTABLISHMENT because satellite service television programming services the ESTABLISHMENT.

**REQUEST FOR ADMISSION #24:**

The EVENT was received in the ESTABLISHMENT because YOU moved a satellite receiver box into the ESTABLISHMENT.

**REQUEST FOR ADMISSION #25:**

The EVENT was received in the ESTABLISHMENT because YOU employed some other means to intercept or receive the EVENT.

**REQUEST FOR ADMISSION #26:**

The EVENT was received at the ESTABLISHMENT because YOU ordered the EVENT from an internet programming provider (i.e. website).

**REQUEST FOR ADMISSION #27:**

YOU are an owner of the ESTABLISHMENT.

**REQUEST FOR ADMISSION #28:**

YOU are the manager of the ESTABLISHMENT.

**REQUEST FOR ADMISSION #29:**

YOU are an officer of the entity owning the ESTABLISHMENT.

**REQUEST FOR ADMISSION #30:**

YOU were inside the ESTABLISHMENT on the night the EVENT was broadcast.

**REQUEST FOR ADMISSION #31**:

YOU were inside the ESTABLISHMENT the day the EVENT was broadcast.

**REQUEST FOR ADMISSION #32:**

The employees at the ESTABLISHMENT act as agents on YOUR behalf.

**REQUEST FOR ADMISSION #33:**

The television monitors within the ESTABLISHMENT exist for the viewing pleasure of the ESTABLISHMENT's patrons.

**REQUEST FOR ADMISSION #34:**

The ESTABLISHMENT exhibits television programming that is believed to be of interest to the ESTABLISHMENT's patrons.

**REQUEST FOR ADMISSION #35:**

The EVENT was broadcast at the ESTABLISHMENT while food was sold to patrons.

**REQUEST FOR ADMISSION #36:**

The EVENT was broadcast at the ESTABLISHMENT while alcoholic beverages were sold to patrons.

**REQUEST FOR ADMISSION #37:**

The EVENT was broadcast at the ESTABLISHMENT while non-alcoholic beverages were sold to patrons.

**REQUEST FOR ADMISSION #38:**

YOU personally informed patrons the EVENT would be exhibited at the ESTABLISHMENT.

**REQUEST FOR ADMISSION #39:**

YOU personally informed employees the EVENT would be exhibited at the

ESTABLISHMENT.

**REQUEST FOR ADMISSION #40:**

YOU acknowledge G & G Closed Circuit Events LLC has been damaged by your actions.

**REQUEST FOR ADMISSION #41:**

YOU were notified of G & G Closed Circuit Events LLC's claims against you before you were sued.

**REQUEST FOR ADMISSION #42:**

YOU knew that the ESTABLISHMENT was not properly authorized to exhibit the EVENT.

**REQUEST FOR ADMISSION #43:**

YOU knew that the ESTABLISHMENT did not obtain a commercial license to exhibit the EVENT.

**REQUEST FOR ADMISSION #44:**

YOU knew that commercial establishments were required to have a commercial license to broadcast pay-per-view boxing events.

**REQUEST FOR ADMISSION #45:**

The ESTABLISHMENT has a commercial account with the telephone company.

**REQUEST FOR ADMISSION #46:**

The ESTABLISHMENT has a commercial account with the electric company.

**REQUEST FOR ADMISSION #47:**

The ESTABLISHMENT has a commercial account with the gas company.

**REQUEST FOR ADMISSION #48:**

The ESTABLISHMENT has a commercial account with the water company.

**REQUEST FOR ADMISSION #49:**

The ESTABLISHMENT has a commercial account with the garbage or refuse company.

**REQUEST FOR ADMISSION #50:**

The ESTABLISHMENT is party to a commercial lease presently in effect.

**REQUEST FOR ADMISSION #51:**

The ESTABLISHMENT was party to a commercial lease as of Saturday, May 4, 2019

Dated:  October 21, 2021

M.L. ZAGER, P.C.
BY: Robert B. Hunter
*Attorney for Plaintiff*
P.O. Box 948, 461 Broadway
Monticello, N.Y.  12701
(845) 794-3660

## AFFIRMATION OF SERVICE BY MAIL

The undersigned affirms under penalty of perjury that he is over 18 years of age and is an attorney at law duly admitted to practice in the State of New York and is associated with the firm of M.L. Zager, P.C.

That on the ⟨21⟩ day of ⟨October⟩, 2021, affirmant served the within *PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS* upon Robert Howard Rickner of Rickner PLLC, 14 Wall Street, Suite 1603, New York, NY 10005 & upon Shana Fried of The Fried Firm at 231 Front St. Ste 206 Brooklyn, NY 11201 the address designated by them for the purpose by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper by regular mail in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Dated:  October ⟨21⟩, 2021

M.L. ZAGER, P.C.
BY: Robert B. Hunter
*Attorney for Plaintiff*
P.O. Box 948, 461 Broadway
Monticello, N.Y.  12701
(845) 794-3660

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

G & G Closed Circuit Events LLC,

                                   Plaintiff,            **DEFENDANTS' RESPONSE**
                                                         **TO PLAINTIFF'S FIRST**
                        vs.                              **REQUEST FOR ADMISSIONS**

Ashleigh Bertolini, individually, and
GLO 718 Corp. d/b/a PARQ;                                Case No.: 1:21-cv-07351-VSB

                                   Defendants.

------------------------------------------------------------X


**PROPOUNDING PARTY**: G&G Closed Circuit Events LLC

**RESPONDING PARTY**:   Ashleigh Bertolini individually and GLO 718 Corp. d/b/a PARQ

**SET NUMBER**:         ONE


## **DEFINITIONS**

1.      The term "Defendants" refers to Ashleigh Bertolini, individually, and/or GLO 718 Corp.

d/b/a PARQ.

2.      The term "ESTABLISHMENT" refers to the business known as GLO 718 Corp. an

unknown business entity d/b/a PARQ located at 4001 E Tremont Avenue Bronx NY 10465.

3.      The term "EVENT" refers to the Saul Alvarez v Daniel Jacobs, WBA/WBC/IBF World

Middleweight Championship Fight Program, of Saturday, May 4, 2019, as referenced in Plaintiffs

Complaint.

## **RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS**

RESPONDING PARTY HEREBY ANSWERS THE PROPOUNDING PARTY'S REQUEST

FOR ADMISSION:

1

**REQUEST FOR ADMISSION NO. 1**

Admit that Defendants did not order the EVENT for the ESTABLISHMENT from G & G Closed Circuit Events LLC.

**REQUEST FOR ADMISSION NO. 2**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 2 at this time.

**REQUEST FOR ADMISSION NO. 3**

Admit that Defendants did not pay a licensing fee for the EVENT to G & G Closed Circuit Events LLC.

**REQUEST FOR ADMISSION NO. 4**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 4 at this time.

**REQUEST FOR ADMISSION NO. 5**

Admit that Defendants did not order the EVENT for the ESTABLISHMENT from any other authorized party acting on behalf of G & G Closed Circuit Events LLC.

**REQUEST FOR ADMISSION NO. 6**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 6 at this time.

**REQUEST FOR ADMISSION NO. 7**

Defendants specifically deny Request for Admission No. 7 in its entirety.

**REQUEST FOR ADMISSION NO. 8**

Defendants specifically deny Request for Admission No. 8 in its entirety.

**REQUEST FOR ADMISSION NO. 9**

Defendants specifically deny Request for Admission No. 9 in its entirety.

**REQUEST FOR ADMISSION NO. 10**

Defendants specifically deny Request for Admission No. 10 in its entirety.

**REQUEST FOR ADMISSION NO. 11**

Defendants deny Request for Admission No. 11 as there was no advertisement that said the EVENT would be telecast.

**REQUEST FOR ADMISSION NO. 12**

Defendants deny Request for Admission No. 12 as there was no advertisement that said the EVENT would be telecast.

**REQUEST FOR ADMISSION NO. 13**

Admit that the Event was shown in the ESTABLISHMENT on Saturday, May 4, 2019.

**REQUEST FOR ADMISSION NO. 14**

Defendants specifically deny Request for Admission No. 14 in its entirety.

**REQUEST FOR ADMISSION NO. 15**

Admit that Defendants paid commercial sub-licensing fees to G & G Closed Circuit Events LLC, previously.

**REQUEST FOR ADMISSION NO. 16**

Defendants object to Request for Admission No. 16 as vague and ambiguous. Subject to the foregoing objection, Defendants specifically deny Request for Admission No. 16 in its entirety.

**REQUEST FOR ADMISSION NO. 17**

Admit that Patrons of the ESTABLISHMENT watched the EVENT within the ESTABLISHMENT on Saturday, May 4, 2019.

**REQUEST FOR ADMISSION NO. 18**

Admit that on Saturday, May 4, 2019, the ESTABLISHMENT required its patrons to pay a cover charge (or some other type of entrance fee) to enter the ESTABLISHMENT's premises while the EVENT was broadcast.

**REQUEST FOR ADMISSION NO. 19**

Admit that prior to Saturday, May 4, 2019, the ESTABLISHMENT exhibited other pay-per-view broadcasts.

**REQUEST FOR ADMISSION NO. 20**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 20 at this time.

**REQUEST FOR ADMISSION NO. 21**

Defendants specifically deny Request for Admission No. 21 in its entirety.

**REQUEST FOR ADMISSION NO. 22**

Defendants specifically deny Request for Admission No. 22 in its entirety.

**REQUEST FOR ADMISSION NO. 23**

Defendants specifically deny Request for Admission No. 23 in its entirety.

**REQUEST FOR ADMISSION NO. 24**

Defendants specifically deny Request for Admission No. 24 in its entirety.

**REQUEST FOR ADMISSION NO. 25**

Defendants specifically deny Request for Admission No. 25 in its entirety.

**REQUEST FOR ADMISSION NO. 26**

Defendants specifically deny Request for Admission No. 26 in its entirety.

**REQUEST FOR ADMISSION NO. 27**

Admit that Defendants are an owner of the ESTABLISHMENT.

**REQUEST FOR ADMISSION NO. 28**

Defendants object to Request for Admission No. 28 as vague and ambiguous. Subject to the foregoing objection, Defendants specifically deny Request for Admission No. 28 in its entirety.

**REQUEST FOR ADMISSION NO. 29**

Admit that Defendants are an officer of the entity owning the ESTABLISHMENT.

**REQUEST FOR ADMISSION NO. 30**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 30 at this time.

**REQUEST FOR ADMISSION NO. 31**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 31 at this time.

**REQUEST FOR ADMISSION NO. 32**

Defendants specifically deny Request for Admission No. 32 in its entirety.

**REQUEST FOR ADMISSION NO. 33**

Defendants object to Request for Admission No. 33 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 33 in its entirety.

**REQUEST FOR ADMISSION NO. 34**

Defendants object to Request for Admission No. 34 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 34 in its entirety.

**REQUEST FOR ADMISSION NO. 35**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 35 at this time.

**REQUEST FOR ADMISSION NO. 36**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 36 at this time.

**REQUEST FOR ADMISSION NO. 37**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 37 at this time.

**REQUEST FOR ADMISSION NO. 38**

Defendants specifically deny Request for Admission No. 38 in its entirety.

**REQUEST FOR ADMISSION NO. 39**

Defendants specifically deny Request for Admission No. 39 in its entirety.

**REQUEST FOR ADMISSION NO. 40**

Defendants specifically deny Request for Admission No. 40 in its entirety.

**REQUEST FOR ADMISSION NO. 41**

Defendants have made a reasonable inquiry and the information known or readily obtainable is insufficient to enable it to admit or deny Request for Admission No. 41 at this time.

**REQUEST FOR ADMISSION NO. 42**

Defendants object to Request for Admission No. 42 as assuming the admission of facts which have been previously denied or which have not been established. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 42 in its entirety.

**REQUEST FOR ADMISSION NO. 43**

Defendants object to Request for Admission No. 43 as assuming the admission of facts which have been previously denied or which have not been established. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 43 in its entirety.

**REQUEST FOR ADMISSION NO. 44**

Defendants object to Request for Admission No. 44 as assuming the admission of facts which have been previously denied or which have not been established. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 44 in its entirety.

**REQUEST FOR ADMISSION NO. 45**

Defendants object to Request for Admission No. 45 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 45 in its entirety

**REQUEST FOR ADMISSION NO. 46**

Defendants object to Request for Admission No. 46 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 46 in its entirety

**REQUEST FOR ADMISSION NO. 47**

Defendants object to Request for Admission No. 47 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 47 in its entirety

**REQUEST FOR ADMISSION NO. 48**

Defendants object to Request for Admission No. 48 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 48 in its entirety

**REQUEST FOR ADMISSION NO. 49**

Defendants object to Request for Admission No. 49 as vague and ambiguous. Subject to the foregoing objections, Defendants specifically deny Request for Admission No. 49 in its entirety

**REQUEST FOR ADMISSION NO. 50**

Admit that the ESTABLISHMENT is party to a commercial lease presently in effect.

**REQUEST FOR ADMISSION NO. 51**

Admit that the ESTABLISHMENT was party to a commercial lease as of Saturday, May 4, 2019.

Dated: February 9, 2022

Respectfully submitted,

_/s/ Shana Fried_
Shana Fried
The Fried Firm PLLC
231 Front Street, Suite 216
Brooklyn, New York 11201
shana@thefriedfirm.com
Fax: 718.228.7603
Tel: 718.422.0500

_/s/ Rob Rickner_
Rob Rickner
Rickner PLLC
14 Wall Street, Suite 1603
New York, New York 10005
rob@ricknerpllc.com
Fax: 888-390-5401
Tel: 212-300-6506

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
G & G Closed Circuit Events LLC,

                                      Plaintiff,

                    vs.

Ashleigh Bertolini, individually, and
GLO 718 Corp. d/b/a PARQ;

                                 Defendants.

-----------------------------------------------------------X

**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

Case No.: 1:21-cv-07351-VSB

**PROPOUNDING PARTY**: G&G Closed Circuit Events LLC

**RESPONDING PARTY**:    Ashleigh Bertolini individually and GLO 718 Corp. d/b/a PARQ

**SET NUMBER**:           ONE

## <u>DEFINITIONS</u>

1.      The term "Defendants" refers to Ashleigh Bertolini, individually, and/or GLO 718 Corp. d/b/a PARQ.

2.      The term "ESTABLISHMENT" refers to the business known as GLO 718 Corp. an unknown business entity d/b/a PARQ located at 4001 E Tremont Avenue Bronx NY 10465.

3.      The term "EVENT" refers to the Saul Alvarez v Daniel Jacobs, WBA/WBC/IBF World Middleweight Championship Fight Program, of Saturday, May 4, 2019, as referenced in Plaintiffs Complaint.

### <u>AMENDED RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS</u>

RESPONDING PARTY HEREBY ANSWERS THE PROPOUNDING PARTY'S REQUEST FOR ADMISSION:

**REQUEST FOR ADMISSION NO. 6**

Deny.

**REQUEST FOR ADMISSION NO. 20**

Defendants admit that on Saturday, May 4, 2019, the ESTABLISHMENT has a DirectTv account,

and deny the remainder of the Request for Admission.

**REQUEST FOR ADMISSION NO. 33**

Admit.

**REQUEST FOR ADMISSION NO. 34**

Admit.

**REQUEST FOR ADMISSION NO. 36**

Admit.

Dated: April 22, 2022

Respectfully submitted,

_/s/ Shana Fried_
Shana Fried
The Fried Firm PLLC
231 Front Street, Suite 216
Brooklyn, New York 11201
shana@thefriedfirm.com
Fax: 718.228.7603
Tel: 718.422.0500

_/s/ Rob Rickner_
Rob Rickner
Rickner PLLC
14 Wall Street, Suite 1603
New York, New York 10005
rob@ricknerpllc.com
Fax: 888-390-5401
Tel: 212-300-6506

# EXHIBIT 5

# Department of State
## Division of Corporations

## Entity Information

[ Return to Results ]   [ Return to Search ]

Entity Details

**ENTITY NAME:** GLO 718 CORP.

**FOREIGN LEGAL NAME:**

**ENTITY TYPE:** DOMESTIC BUSINESS CORPORATION

**SECTIONOF LAW:** 402 BCL - BUSINESS CORPORATION LAW

**DATE OF INITIAL DOS FILING:** 01/02/2018

**EFFECTIVE DATE INITIAL FILING:** 01/02/2018

**FOREIGN FORMATION DATE:**

**COUNTY:** BRONX

**JURISDICTION:** NEW YORK, UNITED STATES

**DOS ID:** 5258722

**FICTITIOUS NAME:**

**DURATION DATE/LATEST DATE OF DISSOLUTION:**

**ENTITY STATUS:** ACTIVE

**REASON FOR STATUS:**

**INACTIVE DATE:**

**STATEMENT STATUS:** PAST DUE DATE

**NEXT STATEMENT DUE DATE:** 01/31/2020

**NFP CATEGORY:**

ENTITY DISPLAY

Service of Process Name and Address

**Name:** THE CORPORATION

**Address:** 4005 E. TREMONT AVE., BRONX, NY, UNITED STATES, 10465

Chief Executive Officer's Name and Address

**Name:**

**Address:**

Principal Executive Office Address

**Address:**

Registered Agent Name and Address

**Name:**

**Address:**

Entity Primary Location Name and Address

**Name:**

**Address:**

Farmcorpflag

**Is The Entity A Farm Corporation:** NO

Stock Information

| Share Value | Number Of Shares | Value Per Share |
| --- | --- | --- |
| NO PAR VALUE | 200 | $0.00 |

# EXHIBIT 6

5/9/2019                                      New York State Liquor Authority



NEW YORK STATE
# LIQUOR
# AUTHORITY

Andrew M. Cuomo, Governor
Vincent G. Bradley, Chairman
Greeley T. Ford, Commissioner

Home
Public License Query
Wholesale





Forms Quick-Find:        Wholesale Forms        Retail Forms

Help

**Public Query - Results**

License Information

    Serial Number:   1309967
    License Type:   ON-PREMISES LIQUOR
    License Status:   License Is Active
    Credit Group:   3
    Filing Date:   07/31/1800
    Effective Date:   10/05/2018
    Expiration Date:   09/30/2020

Premises Information

    Principal's Name:   BERTOLINI, ASHLEIGH
    Premises Name:   GLO 718 CORP
    Trade Name:   PARQ
    Zone:   1
    Address:   4001 E TREMONT AVE

                BRONX, NY 10465
    County:   BRONX

You can select one of the following links to perform another search:

- Search by Name
- Search by License Number
- Search by Location
- Search by Principal
- Advance Search

Disclaimers  |  Confidentiality  |  Privacy  |  Security
New York State Liquor Authority • 80 S. Swan Street • 9th Floor • Albany, New York • 12210-8002

# EXHIBIT 7

7/8/2019                                   Parq Sports Bar and Grill - Home



 **Parq Sports Bar and Grill**
Like This Page · May 3 ·

#canelojacobs tomorrow! You don't wanna miss this
one! $20 for guys $0 for ladies. Kitchen open till
2am. Drink specials all night. $20 buckets $5 mixed
drinks. $4 draft beers. #partyatparq #ParqBX
#throggsneck #hookah #Bxsportsbar #lounge
#interactivebar #smokingdrinks #drinkspecials
#bottlespecials #goodvibesonly
#yourfavoritebartenders

Like               Comment              Share

Write a comment...

Press Enter to post.