UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

G & G CLOSED CIRCUIT EVENTS, LLC,                 Case No.: 21-cv-07351-DLC

                               Plaintiff,          PLAINTIFF'S FEDERAL RULE OF
                                                   CIVIL PROCEDURE OBJECTIONS TO
            - against -                            DEFENDANTS' EVIDENCE ON
                                                   SUMMARY JUDGMENT
ASHLEIGH BERTOLINI, et al.,

                               Defendants.

-----------------------------------------------------------X

Plaintiff G & G Closed Circuit Events, LLC (hereinafter "Plaintiff"), pursuant to Federal Rule of Civil Procedure 56(c)(2), hereby submits the following Objections to the evidence offered by Defendants in support of their Motion for Summary Judgment.

I.      DECLARATION OF ROB RICKNER – ¶ 3 (Dkt. No. 42).

Objections - Hearsay, Best Evidence, Competence.

Through paragraph 3 of his Declaration, defense counsel attempts to testify as to what Plaintiff's Initial Disclosures say or mean. While Mr. Rickner certainly may attach Plaintiff's Initial Disclosures, he may not testify as to their content or intent.

First, of course, Mr. Rickner's attempts to testify as to what the initial disclosures say or mean is hearsay. Fed. R. Evid. 801(c). Next, the Initial Disclosures themselves are the best evidence of their content. Fed. R. Evid. 1002; *see New York ex rel. Spitzer v. Saint Francis Hosp.,* 94 F. Supp. 2d 423, 428 (S.D.N.Y. 2000) (striking portions of affidavit in support of a motion for summary judgment that commented on contents of letters because "the letters themselves [were] the best evidence of their contents."); *Gaft v. Mitsubishi Motor Credit of America,* 2009 WL 3148764, *4 (E.D.N.Y. Sept. 29, 2009) (disregarding portions of affidavit submitted in support of summary judgment motion describing the contents of a report as hearsay

and under the best evidence rule). This is particularly relevant considering that what Mr. Rickner represents is not accurate. For example, Mr. Rickner indicates that the Rule 26 disclosures do not include a witness that can testify to satellite transmission. On the contrary, Nicolas J. Gagliardi, who is identified on Plaintiff's Initial Disclosures, can (and does) testify to this fact.

Mr. Rickner is also not competent to offer such testimony, as he cannot possibly have personal knowledge thereof. Fed. R. Civ. P. 56(c)(4). As noted in *Risco v. McHugh*, 868 F. Supp. 2d 75 (S.D.N.Y. 2012):

> In addition, unlike the usual attorney affirmations which merely attach copies of documents alleged to be relevant and admissible, and identifies those documents for the Court, Plaintiff's counsel submitted an affirmation which includes arguments and factual assertions … The affirmation is patently improper in that he could not possibly have personal knowledge of the matters discussed[.]"

*Id.* at 88, n. 2 (internal citation omitted).

II.     DECLARATION OF EMMANUEL COLON (Dkt. No. 41).

Objections – Competence.

Mr. Colon begins his Declaration by stating, "I, Emmanuel Colon, manage the bar PARQ, a defendant in this lawsuit." *Colon Decl.* ¶ 1. Mr. Colon's Declaration is dated December 2, 2022. *Colon Decl.* At no time does Mr. Colon testify that anything he says is based on personal knowledge or competence, or that he was even present at PARQ on the night in question. *See Id.* While Mr. Colon does purport to say how the *Program* came to be broadcast at PARQ on May 4, 2019, *Id.* ¶¶ 2-6, without first establishing the threshold basis for this testimony, this testimony fails for lack of competence. *See* Fed. R. Civ. P. 56(c)(4). In addition, as Mr. Colon only testifies to being the *current* manager of PARQ, *Colon Decl.* ¶ 1, competence cannot be reasonably interpreted from his Declaration.

WHEREFORE, for the reasons set forth herein, Plaintiff respectfully requests that its Objections be sustained, and that the evidence offered by Defendants in support of their Motion for Summary Judgment be excluded as outlined herein.

Dated: December 21, 2022

Respectfully submitted,

S/ Robert B. Hunter

LAW OFFICES OF M.L. ZAGER, P.C.
By: Robert B. Hunter
461 Broadway, PO Box 948
Monticello, NY 12701
(845) 794-3660

Attorneys for Plaintiff
G & G Closed Circuit Events, LLC