UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| G & G Closed Circuit Events LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>Ashleigh Bertolini, individually, and GLO 718 Corp. d/b/a PARQ,<br><br>                    Defendants. | Index No. 21-cv-07351 |

**DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

THE FRIED FIRM PLLC
231 Front Street, Suite 216
Brooklyn, New York 11201

RICKNER PLLC
14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

Rob Rickner

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................................... i

**TABLE OF AUTHORITIES** ....................................................................................................... ii

**ARGUMENT** ............................................................................................................................... 1

    I.    PLAINTIFF'S LEGAL AUTHORITY FOR THEIR ARGUMENT THAT THERE IS *PER SE* LIABILITY FOR WRONGFULLY DISPLAYING INTERNET TRANSMISSIONS IS FLAWED. ........................................................................................ 1

    II.   DEFENDANTS CANNOT AVOID SUMMARY DISMISSAL WITHOUT EVIDENCE. ................................................................................................ 3

**CONCLUSION** ........................................................................................................................... 4

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ............................................................................................................... i

**TABLE OF AUTHORITIES** ....................................................................................................... ii

**ARGUMENT** ............................................................................................................................... 1

    I.    PLAINTIFF'S LEGAL AUTHORITY FOR THEIR ARGUMENT THAT THERE IS *PER SE* LIABILITY FOR WRONGFULLY DISPLAYING INTERNET TRANSMISSIONS IS FLAWED. ........................................................................................ 1

    II.   DEFENDANTS CANNOT AVOID SUMMARY DISMISSAL WITHOUT EVIDENCE. ................................................................................................ 3

**CONCLUSION** ........................................................................................................................... 4

## TABLE OF AUTHORITIES

**CASES**

*G & G Closed Cir. Events, LLC v. California Ctr. for the Arts, Escondido, Found.*,
  20-CV-2137-LL-NLS, 2022 WL 598059, (S.D. Cal. Feb. 28, 2022)......................................... 1

*G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113 (9th Cir. 2022) ................................... 1, 3, 4

*G&G Closed Cir. Events LLC v. Alexander*, 18-CV-02886-PHX-MTL,
  2020 WL 1904628 (D. Ariz. Apr. 17, 2020) ................................................................................ 2

*Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14 (2d Cir. 1995) ................................ 3

*J & J Sports Prods., Inc. v. Patel*, 364 F. Supp. 3d 1368 (S.D. Ga. 2018) ..................................... 2

*Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000) ................................................................... 4

*Mozilla Corp. v. Fed. Commc'ns Comm'n*, 940 F.3d 1 (D.C. Cir. 2019) ........................................ 2

*Weinstock v. Columbia Univ.*, 224 F.3d 33 (2d Cir. 2000) ............................................................. 3

**STATUTES**

47 U.S.C. § 553 ............................................................................................................................ 1, 2, 4

47 U.S.C. § 605 ................................................................................................................................ 1, 2

Defendants Ashleigh Bertolini and GLO 718 Corp. d/b/a PARQ hereby submit this brief in further support of their motion for summary judgment dismissing all claims brought by Plaintiff under Federal Rule of Civil Procedure 56.

## ARGUMENT

Defendants' moving brief rested on two central premises. The first is a legal argument that the two sections of the Communications Act relied on by Plaintiff, 47 U.S.C. § 605 (satellite) and 47 U.S.C. § 553 (cable) require that Plaintiff illicitly obtain the Program either through cable or satellite. And Plaintiff acknowledges that it is unsettled as to whether there could be liability under § 605 if there was evidence that the program was transmitted via satellite at some point before it was later transmitted over the Internet. *See G & G Closed Cir. Events, LLC v. Liu*, 45 F.4th 1113, 1117 (9th Cir. 2022) (declining to decide whether obtaining a transmission over the Internet is a complete defense). The second premise is that Defendants obtained the Program over the Internet through an app owned by DAZN, the same company that sells the broadcast to Plaintiff, meaning that Plaintiff's claims that its company uses satellites is irrelevant. Plaintiff has entirely failed to meaningfully oppose either premise, and consequently its case should be dismissed.

I. **PLAINTIFF'S LEGAL AUTHORITY FOR THEIR ARGUMENT THAT THERE IS *PER SE* LIABILITY FOR WRONGFULLY DISPLAYING INTERNET TRANSMISSIONS IS FLAWED.**

Plaintiff quibbles with Defendants' citations, but does not cite a single persuasive case that says there is liability under either statute if the Program was only transmitted over the Internet. In *G & G Closed Cir. Events, LLC v. California Ctr. for the Arts, Escondido, Found.*, the Court was unsure of what path the signal took before it was transmitted over the Internet, but ruled that eventually receiving the signal via the Internet was not a complete defense. 20-CV-2137-LL-NLS, 2022 WL 598059, at *2 (S.D. Cal. Feb. 28, 2022). This holding was overturned

1

by the Ninth Circuit in *Liu*, which ruled that Plaintiff does have to prove that the signal went over satellite at some point to meet their burden of production at summary judgment. 45 F.4th at 1117. And *G&G Closed Cir. Events LLC v. Alexander*, skips this part of the analysis entirely, never even considering whether a satellite (or cable) must be part of the transmission to establish liability. 18-CV-02886-PHX-MTL, 2020 WL 1904628, at *1 (D. Ariz. Apr. 17, 2020). This too was effectively overturned by *Liu*. So neither case ultimately stands for the proposition Plaintiff wants it to.

Further, to adopt Plaintiff's position, the Court would have to read the plain text of § 553 and § 605 out of existence. The only applicable sections of § 605 are the second, third, and fourth sentences, which only apply to radio, and the Internet simply is not radio. *See J & J Sports Prods., Inc. v. Patel*, 364 F. Supp. 3d 1368, 1377 (S.D. Ga. 2018) (cited by Plaintiff, and dismissing § 605 claims). § 553 only applies to a cable service, which has a very specific definition, distinct from a telecommunications service of an informational service. Plaintiff is correct that the FCC later classified the Internet as solely a telecommunications service, rather than both an informational and telecommunications service, but that does not undermine Defendants' point, which is that the Internet is not a *cable service*. In fact, the case Defendants cited in support of this argument completely undermines their case because the D.C. Circuit specifically ruled that, "broadband is not a 'radio transmission' under Title III or a 'cable service' under Title VI." *See Mozilla Corp. v. Fed. Commc'ns Comm'n*, 940 F.3d 1, 76 (D.C. Cir. 2019). This ruling also undermines the one case Plaintiff cites in support of their position, *Patel*, which pre-dates *Mozilla* and inaccurately holds that broadband could be a cable service.

In sum, absent evidence that the Program was transmitted on a cable service or satellite, there is no liability under the two statutes that the Plaintiff has chosen to use to pursue its claim.

## II.   DEFENDANTS CANNOT AVOID SUMMARY DISMISSAL WITHOUT EVIDENCE.

Defendants have no evidence that the Program, as it was displayed in the bar, was transmitted over a cable service or satellite. Plaintiff goes to great lengths to avoid this essential conclusion. Plaintiff must have evidence for every element of its claims. Plaintiff is missing a key piece, so its claims simply fail.

Plaintiff's attempt to avoid summary judgment by arguing that Defendants have failed to meet their burden ignores the relevant standard. It is well established that, "unsupported allegations do not create a material issue of fact" and when a summary judgment motion is filed, it is time to "put up or shut up." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). "The very purpose of summary judgment is to weed out those cases that are destined to be dismissed on a motion for a directed verdict, or as it is now termed, a motion for judgment as a matter of law." *Id*. at 49. Consequently, "the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

And that is exactly what is at issue here. Defendants state that Plaintiff has no evidence that the Program, as it was actually displayed in the bar, was transmitted over cable or satellite. Plaintiff's claim that the Program was transmitted to them over satellite fails unless Plaintiff can show that Defendants hacked the commercial transmission, rather than obtaining it over the Internet using the DAZN app for home viewing and then wrongfully displaying it in the bar. Plaintiff's general claim that the Internet uses many different methods of transmission also does not meet their burden of proving that this specific transmission, of the Program, was transmitted over cable or satellite. This gap in Plaintiff's proof is particularly glaring given that the Ninth Circuit found that this exact defect defeated Plaintiff's claims in *Liu*:

3

> G & G ended discovery on a cliffhanger, offering at best conclusory statements about the fight's method of transmission and the underlying technology. This posture made it impossible for the district court to undertake the basic exercise of comparing the facts of the case to the statutory language to assess whether §§ 553 or 605 regulate [Defendant's] conduct."

*Liu* at 1117.

Defendants put Plaintiff to its proof, and Plaintiff came up lacking due to its utter failure to conduct any discovery into one of the essential parts of its claims. Plaintiff has no evidence, whatsoever, about what happened between the live fight and the Program displayed on a tv in the bar on the other side of the country. There is a reason that Plaintiff objects to the assertions in the 56.1 Statement, rather than denying them, with actual evidence, as they are required to do. *See Millus v. D'Angelo*, 224 F.3d 137, 138 (2d Cir. 2000) (upholding summary dismissal where the plaintiff failed to deny specific facts in the 56.1 statement). And without that evidence, they cannot proceed to a pointless trial that is destined for dismissal on a motion for judgment as a matter of law.

## CONCLUSION

The Plaintiff's claims should be summarily dismissed and nothing in its opposition demonstrates otherwise.

Dated:   New York, New York
         January 13, 2022

                                             /s/ *Rob Rickner*
                                             Rob Rickner
                                             Rickner PLLC
                                             14 Wall Street, Suite 1603
                                             New York, New York 10005
                                             rob@ricknerpllc.com
                                             Fax: 888-390-5401
                                             Tel:  212-300-6506

4